1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PERRY ADRON MCCULLOUGH,              Case No.  2:21-cv-00127-TLN-JDP (PS)

12              Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                          THAT DEFENDANTS' MOTION TO
13        v.                              DISMISS BE GRANTED

14   DAVID F. LEVI, *et al.*,             ECF No. 6

15              Defendants.               OBJECTIONS DUE WITHIN 14 DAYS

16

17        Plaintiff, Perry Adron McCullough, proceeding without counsel, seeks to challenge his

18   criminal conviction under the theory that the law does not apply to him.  ECF No. 1.  Defendants

19   move to dismiss, ECF No. 6, and plaintiff opposes that motion, ECF No. 8.  I recommend that

20   defendants' motion to dismiss, ECF No. 6, be granted because plaintiff's complaint is frivolous.

21        Plaintiff claims to be a sovereign non-citizen.  ECF No. 1 at 7.  He challenges his criminal

22   conviction in *United States v. McCullough*, Case No. 2:89-cr-00251-WBS-1, under the theory

23   that the court lacked jurisdiction over him.  *Id.* at 8.  He argues that he was not charged with a

24   crime; instead, the government charged "PERRY ADRON MCCULLOUGH©, a DEBTOR and

25   governmentally created Fiction existing for Commercial purposes only." *Id.* at 14.  Plaintiff also

26   claims that he never consented to the jurisdiction of the United States.  *Id.* at 16.  He alleges that

27   courts "have no jurisdiction over a living man or woman" because they are sovereign.  *Id.* at 27.

28   He asserts that he "is a natural born, free, Living, breathing, flesh and blood human with sentient

1

and moral existence, a real man upon the soil, a *juris et de jure,* also knows as a Secured Party and an inhabitant, not a United States Citizen." *Id.* at 11.  And plaintiff claims that he is not subject to the law because he is a man.  *See, e.g.*, *id.* at 11, 27.  For these reasons, plaintiff argues that the criminal judgment against him entered on November 5, 1990 is void.[1]  *Id.* at 22.  He seeks nearly eighteen billion dollars and reversal of his criminal conviction.  *Id.* at 62-63.

"Dismissal under Rule 12(b)(6) is proper when the complaint . . . lacks a cognizable legal theory . . . ."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Further, a complaint is frivolous when it is "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Claims that a person is sovereign and does not have to follow the law are frivolous.  *See, e.g.*, *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (district court has criminal jurisdiction over Hawaiian residents who claim that they are citizens of the Sovereign Kingdom of Hawaii and not of the United States); *Robinson v. United States*, 224 F. App'x 700, 701 (9th Cir. 2007) (same).  Plaintiff cannot proceed on his theory that the district court lacked jurisdiction to charge him with a crime.  Leave to amend would be futile because the complaint is frivolous.

Accordingly, I recommend that:

1. Defendants' motion to dismiss, ECF No. 6, be granted.

2. This case be dismissed with prejudice.

3. The Clerk be directed to close this case.

I submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[1] Plaintiff does not seek habeas relief.  *See* ECF No. 1 at 23.

2

IT IS SO ORDERED.

Dated:    November 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE